(134 So. 97)

### STATE ex rel. AUCOIN v. GUILLOT et ux.
### No. 30930.

March 30, 1931.

Leo W. McCune, of Gretna, for appellant.

Waverly A. Henning, of Gretna, for appellees.

O'NIELL, C. J.

This is a habeas corpus proceeding, by which the relator is trying to regain possession of his son, David Aucoin, twelve years of age. The defendants are the relator's sister and her husband, who have possession of the child. The suit was met by a plea of res judicata, which was sustained, and the suit was therefore dismissed and the relator's demand rejected. He has appealed from the decision.

The plea of res judicata was based upon a judgment rendered in a proceeding in the juvenile court, in which the district attorney filed a bill of information accusing the child, David Aucoin, of being a delinquent child. The defendants in this proceeding were not parties to the proceeding in the juvenile court. The only way in which they participated in the proceeding in the juvenile court was by bringing the child into court and testifying that he was not a delinquent child. The judge acquitted the child and left him with the Guillots. That is why the judge ruled that the judgment which he had rendered in the juvenile court was decisive of the present case.

Article 2286 of the Civil Code requires, in order to sustain a plea of res judicata, that the thing demanded in the subsequent suit must be the same thing that was demanded in the previous suit, that the demand must be founded upon the same cause of action, and that the suit must be between the same parties, and in the same capacities. None of these conditions prevails in this case. The proceeding in the juvenile court was not a suit for the possession of the child; it was not founded upon the cause of action which the father alleges in this suit; and the parties to the proceeding in the juvenile court

were not the same as the parties to this suit. The plea of res judicata, therefore, should have been overruled.

The judgment is annulled, the plea of res judicata is overruled, and the case is ordered remanded to the district court for further proceedings. The defendants are to pay the costs of this appeal. The question of liability for all other court costs is to depend upon the final disposition of the case.